# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for New Century Home Equity Trust Series 2005-B Asset Backed Pass through, Certificates, by Ocwen Loan Servicing, LLC, its Attorney in Fact,<br><br>Plaintiff,<br><br>v.<br><br>TOM WOLFE and TAMARA WOLFE,<br><br>Defendants. | Case No.: 15-cv-238  LJO BAM<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE REMANDED TO THE FRESNO COUNTY SUPERIOR COURT**<br><br>**(Doc. 2)** |

**INTRODUCTION**

Pro se Defendant, Tamara Wolfe ("Defendant"), filed a Notice of Removal of an unlawful detainer action brought against her in the Fresno County Superior Court. (Doc. 1). Defendant's papers fail to invoke this Court's subject matter jurisdiction. Accordingly, it is recommended that the case be remanded to the Fresno Superior Court.

///

///

///

1

# DISCUSSION

## Removal

28 U.S.C. § 1441(a) empowers a defendant to remove an action to federal court if the district court has original jurisdiction. *Catepillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). The removal statute provides:

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Removal statutes are strictly construed with doubts resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden to prove propriety of removal. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-685 (9th Cir. 2006); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) ("the burden of establishing federal jurisdiction falls to the party invoking the statute"). A district court may remand an action to state court for lack of subject matter jurisdiction or a defect in the removal procedure. 28 U.S.C. § 1447(c).

Generally, subject matter jurisdiction can be established in three ways: 1) a federal question is presented, 2) diversity of citizenship is established (the matter in controversy exceeds $75,000 and is between citizens of different states), or 3) the United States is a party. 28 U.S.C. §§ 1331 and 1332; *See also*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989). As discussed below, Defendant has failed to establish that federal jurisdiction is proper. The United States is not a party to this action. Similarly, Defendant cannot establish jurisdiction is proper because no federal question has been presented and diversity jurisdiction does not exist.

2

**Federal Question Jurisdiction**

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Determination of federal question jurisdiction "is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Catepillar*, 482 U.S. at 392. To invoke federal question jurisdiction, a complaint must establish "either that: (1) federal law creates the cause of action or that, (2) plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008).

Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose.*" California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000).  Thus, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); *see also Vaden v. Discover Bank*, 129 S. Ct. 1262, 1278 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

Here, the crux of Defendant's claims is that Plaintiff's unlawful detainer action violated several provisions of the Real Estate Settlement Procedures Act, ("RESPA"), 12 U.S.C. §§ 2601-2610.  However, this allegation does not establish this Court's jurisdiction in a removal proceeding, as this claim was not pled in the underlying complaint Plaintiff filed in state court. In other words, Defendant cannot raise new claims as a defense to Plaintiff's complaint in the underlying state action to establish this Court's jurisdiction in a removal proceeding.

In this case, the complaint seeks unlawful detainer relief pursuant to Cal. Civ. Pro. 1161a which is governed by California state law.  *Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. 2011) ("Unlawful detainer actions are strictly the province of state court"); *Deutsche Bank Nat'l Trust Co. v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at * 2 (C.D. Cal. 2011) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law").  Therefore, this unlawful detainer action fails to invoke federal question jurisdiction and is not properly before this Court.

### **Diversity Jurisdiction**

28 U.S.C. § 1332(a) establishes diversity of citizenship jurisdiction and provides in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between –
>
> (1)  citizens of different States . . .

Here, no diversity jurisdiction can be established because Plaintiff's complaint seeks less than $10,000, as stated prominently on the face of the Complaint. (Doc. 1, pg. 7).  In unlawful detainer actions, the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy.  Cal. Code  Civ. Pro. § 86(a)(4) ("The following proceedings are limited civil cases: ... (4) Proceedings in forcible entry or forcible or unlawful detainer where the whole amount of damages claimed is twenty-five thousand dollars ($25,000) or less."); *See also*, *Litton Loan Servicing v. Villegas*, 2011 WL 204322 * 2 (N.D. Cal., Jan. 21, 2011) (citations omitted) (In unlawful detainer actions, courts have noted that the right to possession alone is involved – not the title to the property).   Thus, an unlawful detainer action must be filed as a limited civil case where the total amount of damages claimed does not exceed $25,000.00. Cal. Civ. Pro. §§ 85(a), 86(a)(4). Whether an action qualifies as a limited civil case is determined from the prayer for relief (demand) in plaintiff's complaint. Cal. Civ. Pro. §§ 85, 88; *Engebretson & Co., Inc. v. Harrison*, 125 Cal.App.3d

436, 444–45, 178 Cal.Rptr. 77 (1981). In this case, the Complaint seeks rental damages in the amount of $60.00 per day from expiration of the Notice to Vacate through the date of judgment. Accordingly, Plaintiff cannot establish the $75,000.00 needed for diversity jurisdiction.

## **CONCLUSION AND RECOMMENDATION**

For the reasons discussed above, Defendants' papers fail to invoke this Court's subject matter jurisdiction. Accordingly, it is recommended that this case be REMANDED to the Fresno County Superior Court.

These Findings and Recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B). Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's Findings and Recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F. 3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991); *Martinez v. YIst*, 951 F. 2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 9, 2015**                    /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE

5